UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRIE ROLF (fka CARRIE STAINTON), an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA; MOHAMMED TEGENE, an individual; and ORANGE CAB CO., a Washington Corporation,<br><br>                Defendant. | No. C06-785 MJP<br><br>ORDER ON DEFENDANT TEGENE'S MOTION TO DISMISS PURSUANT TO FCRP 12(b) |

This matter comes before the Court on Defendant Mohammed Tegene's motion to dismiss pursuant to Fed. R. Civ. P. 12(b). (Dkt. No. 22). Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS Defendant's motion. First, service of process by publication was insufficient. Second, Plaintiff failed to comply with the service deadline set forth in Fed. R. Civ. P. 4(m) and the Court finds that no good cause exists for the lengthy delay.

The reasons for the Court's order are set forth below.

**Background**

Plaintiff Carrie Rolf was injured on December 8, 2004, when an Orange Cab driven by Defendant Tegene struck her after colliding with a vehicle driven by a federal government employee. (Compl. at 2). Plaintiff filed suit on June 6, 2006 for damages resulting from injuries she sustained in

ORDER - 1

the collision. Id. When Plaintiff did not locate Mr. Tegene for personal service by September 21, 2006, she filed two affidavits supporting service by publication. (Dkt. Nos. 14, 15). First, Plaintiff filed an affidavit of mailing, certifying that a copy of the summons and complaint had been sent to Mr. Tegene's most recent address. (Dkt. No. 14). However, Plaintiff sent Defendant another copy of the summons and complaint on October 6, 2006, apparently because the first mailing was sent to the incorrect address. (Dkt. No. 18). Second, Plaintiff filed the declaration of Jennifer Gillispie of ABC Legal Services ("ABC"), which claimed that Mr. Tegene could not be located and had either left the state or was attempting to secret his whereabouts within the state. (Dkt. No. 15). In addition to these affidavits, Plaintiff has offered additional evidence in the form of a declaration by Plaintiff's counsel Eric Nelson. Relying on these declarations, Plaintiff began service by publication in the Daily Journal of Commerce on September 23, 2006. (Dkt. No. 21).

The following facts from the Gillispie and Nelson declarations are undisputed. Shortly after filing suit, Plaintiff hired ABC to serve the summons and complaint on Mr. Tegene at the address he provided in the police report from the accident. ABC never personally served Mr. Tegene. Over approximately two months, Plaintiff's attorney made five phone calls to the phone number provided in the police report, finally determining that the number was not Mr. Tegene's residence but a business known as the Addis Café. (Nelson Decl. at 2-3). Thereafter, in early August 2006, Plaintiff hired ABC Investigations to track down Mr. Tegene's whereabouts. (Gillispie Decl. at 2). Again, ABC was unable to locate Mr. Tegene.

On September 14, 2006, Mr. Nelson performed an internet search and discovered a possible address for Mr. Tegene at 456 12th Avenue, Seattle, Washington. (Nelson Decl. at 3). Mr. Nelson traveled to the address, could not find a residence, and determined that none existed. Id. However, noting that the address was in the vicinity of the Addis Café, Mr. Nelson interviewed a few individuals in the area. Id. at 3-4. He inquired into Mr. Tegene's whereabouts, and provided his contact information to some individuals in the event they encountered Mr. Tegene. Id.

ORDER - 2

1   Plaintiff's declarations also offer the following additional evidence, the admissibility of which
2   has been disputed. Ms. Gillispie claims that a process server from ABC attempted to serve Mr.
3   Tegene at 1224 East Jefferson, Seattle, Washington, on June 22, 2006. (Gillispie Decl. at 2).
4   However, the process server could not locate him at that address, and determined that it was not his
5   residence. Id. ABC's search of the State Department of Licensing database returned the same East
6   Jefferson address as the one in the police report, current as of January 19, 2006. Id. at 3. An
7   investigation of Mr. Tegene's credit history uncovered an alternate address at 7325 Rainier Avenue,
8   South, Seattle, Washington. Id. A postal trace sent to the address returned "not known at the address
9   given." Id. Although ABC also contacted Mr. Tegene's most recent employer, Co-Defendant Orange
10  Cab Co., the contact provided no further information about his whereabouts. Id. at 4.

11  Plaintiff also could not locate Mr. Tegene by his vehicle registration because the Department of
12  Licensing search revealed no vehicles registered in his name. Id. at 3. However, on August 15, 2006,
13  Mr. Nelson received a phone call from Emmanuel Habte. (Nelson Decl. at 4). Although Mr. Habte
14  claimed to own the vehicle driven by Mr. Tegene on the date of the collision, he offered no further
15  information about Mr. Tegene's whereabouts. Id.

16  **Analysis**

17  1.   Defendant's Motion to Strike Evidence

18  Pursuant to Local CR 7(g), Defendant has moved to strike portions of the Nelson and Gillispie
19  declarations offered by Plaintiff in support of her claim for valid service by publication. (Dkt. No. 27,
20  at 11-12). Defendant's motion was unopposed by Plaintiff, which may be considered by the Court as
21  an admission that the motion has merit. Local CR 7(b)(2).

22  First, Defendant has moved to strike portions of the declarations as hearsay. The Court grants
23  Defendant's motion to strike the portions of Ms. Gillispie's declaration relating to ABC's attempts to
24  locate and serve the summons and complaint on Mr. Tegene. Ms. Gillispie does not claim that she
25  performed the investigation into Mr. Tegene's whereabouts and she does not claim that she made any

ORDER - 3

1  attempt to personally serve him. Instead, Ms. Gillispie's declaration merely summarizes the results of
2  work performed by others and does not identify the individuals who actually attempted service or
3  performed the searches. Therefore, Ms. Gillispie's statements are hearsay and are inadmissible
4  because Plaintiff has not offered any evidence or argument that a hearsay exception applies. For the
5  same reason, the Court grants Defendant's motion to strike the portions of Mr. Nelson's declaration
6  that contain statements allegedly made by third parties.

7  Second, Defendant has also moved to strike portions of Ms. Gillispie's declaration obtained as
8  the result of potentially improper contact with a represented party. The alleged improper contact
9  occurred when ABC contacted Mr. Tegene's former employer Orange Cab Co. The contact with the
10 company occurred approximately two months after Orange Cab's counsel filed a notice of appearance
11 in this suit. (Dkt. No. 2). Absent express consent of opposing counsel, neither attorneys nor their
12 agents may communicate with parties represented by counsel regarding the matter being litigated.
13 RPC 4.2. Although it is unclear from the facts presented whether such contact was actually improper,
14 Plaintiff should note that any appearance of impropriety could easily have been avoided by utilizing the
15 discovery process. However, even if ABC's contact with Orange Cab was proper, Ms. Gillispie's
16 statements still constitute hearsay. Therefore, the Court grants Defendant's motion to strike Ms.
17 Gillispie's statements relating to ABC's contacts with Orange Cab, Co.

18 2.  <u>Motion to Dismiss for Insufficiency of Service of Process</u>

19 Defendant argues that Plaintiff's claims should be dismissed on two grounds. First, the claims
20 should be dismissed because Plaintiff did not satisfy the strict procedural requirements of substitute
21 service of process (service by mail or service by publication). Second, even if Plaintiff satisfied the
22 requirements for effective service of process, Defendant was not served within the required 120 day
23 time limit specified by Fed. R. Civ. P. 4(m).

ORDER - 4

A.      Substitute Service of Process

The federal rules of civil procedure permit a plaintiff to effect service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Washington law permits the plaintiff to serve process by way of mail or publication in limited circumstances when personal service cannot be effected. RCW 4.28.080, .100. However, in such cases, service is sufficient only if the plaintiff strictly complies with the statute's procedural requirements. Painter v. Olney, 37 Wn. App. 424, 680 P.2d 1066 (1984).

i.      Service of Process by Publication

Defendant argues that service of process by publication was insufficient because Plaintiff did not comply with the statute's strict procedural requirements. The statute enabling service by publication contains two procedural requirements. First, before commencing publication, the plaintiff must mail a copy of the summons and complaint to the defendant's place of residence, or indicate in an affidavit that such residence is unknown. RCW 4.28.100. Although Plaintiff attempted to comply with the procedural requirements by mailing copies prior to publication, the documents were apparently sent to the wrong address.[1] Consequently, Plaintiff re-sent the materials on October 6, 2006, thirteen days after beginning publication. (Dkt. No. 18).

Next, Plaintiff must set forth facts demonstrating that (1) the defendant could not be found in the state after a diligent search, and (2) the defendant concealed himself within the state with intent to avoid service of process. RCW 4.28.100(2). See also Pascua v. Heil, 126 Wn. App. 520, 526, 108 P.3d 1253 (2005). In determining whether Plaintiff presented sufficient evidence of diligence and concealment to justify service by publication, the Court will consider the material offered in Mr. Nelson's declaration even though it was not offered until after publication. See First Fed. Sav. &

---

[1] Plaintiff's first affidavit of mailing, filed September 21, 2006, indicates that a copies of the summons and complaint were sent to Defendant at 1124 East Jefferson Street, Seattle, Washington 98122. (Dkt. No. 14). However, Defendant's address listed in the police report was 1224 East Jefferson Street, Seattle, Washington 98122.

ORDER - 5

1  Loan Ass'n of Walla Walla v. Ekanger, 22 Wn. App. 938, 782, 593 P.2d 170 (1980) (holding that a

2  plaintiff may amend the initial affidavit at a later date if the supplemental material merely alters the

3  record to reflect what actually happened prior to the date publication began).

4      First, Defendant argues that Plaintiff has not offered sufficient admissible evidence of a diligent

5  search. At a minimum, the plaintiff must follow up on all potential leads when trying to locate the

6  defendant in order to satisfy the diligence requirement. See Pascua, 126 Wn. App. at 529. See also

7  Brenner v. Port of Bellingham, 53 Wn. App. 182, 187, 765 P.2d 1333 (1989). ("[W]here a plaintiff

8  possesses information that might reasonably assist in determining a defendant's whereabouts, but fails

9  to follow up on the information, the plaintiff has not made an honest and reasonable effort necessary

10 to allow for service by publication."). Considering the admissible evidence, Plaintiff has failed to follow

11 all potential leads in trying to locate Defendant. There is no admissible evidence in the record

12 indicating that she tried to personally serve Mr. Tegene at the address he provided in the police report,

13 or that she tried to locate him through vehicle registration records.

14     Second, Defendant argues that Plaintiff has offered no evidence demonstrating that Mr.

15 Tegene acted with the intent to conceal himself in order to avoid service of process. In order to

16 demonstrate a defendant's intent to conceal himself, the plaintiff's affidavits may not rest on

17 conclusory allegations and must be supported by facts. See Bruff v. Main, 87 Wn. App. 609, 612, 943

18 P.2d 295 (1997). Plaintiff argues that the facts uncovered during the search for Mr. Tegene imply that

19 he has attempted to conceal himself to avoid service of process. However, the facts merely suggest

20 that Plaintiff was unable to locate Defendant.

21     The cases addressing the sufficiency of a plaintiff's evidence are highly fact specific. In Boes v.

22 Bisiar, 122 Wn. App. at 578, the court held that the plaintiff presented sufficient evidence of

23 concealment when the evidence showed that the defendant knew about the lawsuit and made it

24 impossible for the plaintiff to effect service. In that case, the defendant knew about the service

25 deadline and left the state for the final ten days leading up to the deadline. Id. The court held that the

ORDER - 6

1 combination of these facts supported the inference of the defendant's intent to avoid service. Id. at

2 578-79. In the present case there is no evidence suggesting Mr. Tegene concealed himself as the

3 deadline for service approached. Instead, the evidence shows that Plaintiff has been unable to locate

4 Mr. Tegene for several months.

5 Conversely, courts have held that the plaintiff failed to present sufficient evidence of

6 concealment when the facts merely suggested that, despite a diligent search, the plaintiff was unable to

7 locate the defendant. In Bruff v. Main, 87 Wn. App. at 613, the affidavits supporting service by

8 publication showed that the defendant was unemployed, had no listed phone number, never lived at the

9 address listed in the police report, and could not be located through Department of Licensing records.

10 Id. The court held that these facts merely demonstrated that the defendant lacked a public recorded

11 persona, and without more, the record failed to raise an inference that he intended to avoid service.

12 Id. In the present case, Plaintiff has failed to conduct a diligent search, and her allegations merely

13 suggest that Mr. Tegene lacks a public recorded persona. Even if Mr. Tegene never lived at the

14 address provided in the police report, and cannot be located by a search of public records, such

15 evidence does not to prove his intent to conceal himself.

16 Plaintiff also argues that Mr. Tegene's acceptance of mail from the municipal court in 2004

17 suggests that he continues to use the address of the Addis Café to receive mail. (Nelson Decl. at 4,

18 Ex. D). Plaintiff therefore argues, apparently by logical extension, that Mr. Tegene's refusal to accept

19 mail at the Addis Café implies that he knows about the lawsuit and has refused to receive mail in order

20 to avoid service of process. However, it has been over two years since Mr. Tegene received mail from

21 the municipal court, long before the initiation of the present lawsuit. There is no evidence to suggest

22 Plaintiff moved or stopped receiving mail after learning about the lawsuit.[2] See Pascua v. Heil, 126

---

[2] Although Plaintiff's response brief suggests that Mr. Tegene received mail at the Addis Café through July and August of 2006, no witness has attested to this fact in any of the affidavits.

ORDER - 7

Wn. App. at 531 (holding that Defendant's address and phone number change in the three years following a car accident merely suggested that Defendant was ignorant of the lawsuit).

Plaintiff has offered insufficient evidence of diligence and concealment. In Plaintiff's search for Mr. Tegene, she has failed to offer admissible evidence showing that she followed up on all information available to her, including information provided in the police report. Without demonstrating a diligent search, Plaintiff has insufficient information to know whether Mr. Tegene has concealed himself in order to avoid service of process. However, even if Plaintiff had conducted a diligent search, the evidence does not indicate that Defendant intended to conceal himself. As the statute permitting service by publication requires strict procedural compliance, Plaintiff's service by publication is insufficient.

### ii. Service of Process by Mail

Co-Defendant United States argues that Plaintiff properly served Mr. Tegene by mail pursuant to RCW 4.28.080(16). As with service by publication, service by mail is sufficient only if the plaintiff complies with the statute's strict procedural requirements. Painter v. Olney, 37 Wn. App. 424, 680 P.2d 1066 (1984). Washington authorizes substitute service by mail in the same circumstances justifying service by publication. CR (4)(d)(4). As Plaintiff has offered insufficient evidence of diligence and concealment to warrant service by publication, service by mail is also insufficient.

Plaintiff also failed to meet the two other procedural requirements for sufficient service by mail. First, prior to serving the defendant by mail, the plaintiff must leave a copy of the summons and complaint at the defendant's usual mailing address with a person of suitable age and discretion. RCW 4.28.080(16). Second, service by mail must be approved by court order. CR (4)(d)(4). In the present case, Plaintiff did not leave a copy of the summons and complaint at Mr. Tegene's mailing address and the Court never authorized service by mail.

ORDER - 8

B.   120-Day Time Limit for Service of Process under Fed. R. Civ. P. 4(m)

Even if Plaintiff had successfully served Mr. Tegene by publication, the parties agree that Plaintiff failed to effect service until twenty-three days after the 120-day deadline provided by Fed. R. Civ. P. 4(m). Defendant has moved to dismiss on these grounds and Plaintiff has requested an extension of time. Upon a showing of good cause for the defective service, the court must extend the 120-day service period. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum, good cause means excusable neglect. Id. Plaintiff may demonstrate good cause by providing evidence of the following: 1) the party to be served received actual notice of the lawsuit; 2) the defendant would suffer no prejudice; and 3) the plaintiff would be severely prejudiced if the court dismissed her complaint. Id.

Plaintiff claims that good cause exists because Mr. Tegene could not be located for personal service "and it is plaintiff's belief that he is concealing himself to avoid service." (Resp. Brief at 11). Plaintiff also argues that she has "attempted personal service and has been continually investigating potential leads in order to personally serve Tegene." Id. However, Plaintiff did not conduct a diligent search for Defendant, wasting nearly two months expending little or no effort to locate him. The record also reflects no admissible evidence of any attempts by Plaintiff to personally serve Mr. Tegene at the address provided in the police report. Failing to personally serve Mr. Tegene, Plaintiff relied on service by publication which is a disfavored method to effect service because it is not an efficient way to notify a party of the pending lawsuit. See Pascua, 126 Wn. App. at 528 (holding that service other than personal service should be used only as a last resort). Plaintiff's repeated procedural lapses do not constitute excusable neglect, and therefore Plaintiff did not have good cause for failing to effect service within the 120-day window.

Furthermore, Plaintiff has offered no evidence of potential prejudice that may result to either party. See Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (holding that the plaintiff may be required to offer evidence of the three good cause factors in order to bring the excuse to the level of good cause). To the contrary, Plaintiff is free to continue with her claims against the remaining

ORDER - 9

Defendants. With respect to Mr. Tegene, Plaintiff may also continue pursuing her claims against him because the Washington statute of limitations for personal injury claims is three years. RCW 4.16.080(2).

In addition, although the Court has discretion to extend the service deadline in the absence of good cause, see In re Sheehan, 253 F.3d at 513, present circumstances do not warrant such an extension. As substitute service was insufficient, Plaintiff has far exceeded the 120-day period for service provided by Fed. R. Civ. P. 4(m). The period for service expired on October 5, 2006, three full months before the parties concluded their briefing on the motion currently before the Court. Consequently, any extension would effectively double the service period. Although some circumstances may warrant such a lengthy extension, Plaintiff's lack of diligence does not mandate the exercise of discretion to extend the service period. Therefore, the Court denies Plaintiff's request for more time to serve Defendant.

**Conclusion**

Plaintiff's efforts to find and serve Defendant Tegene lack the requisite diligence and documentation necessary to validate substitute service of process. Plaintiff has also failed to comply with the 120-day deadline under Rule 4(m), and the Court finds that no good cause exists for the lengthy delay. Therefore, this Court, having considered all the pleadings, exhibits and declarations attached thereto, HEREBY ORDERS that Defendant Mohammad Tegene's motion to dismiss is GRANTED. Plaintiff's claims against Defendant Tegene are dismissed without prejudice. The Clerk is directed to send copies of this order to all counsel of record.

Dated: February 6, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 10