UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE ROLF (fka CARRIE STAINTON), an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. C06-785P

ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER REMAINING STATE-LAW CLAIM AND DISMISSING REMAINING CLAIM WITHOUT PREJUDICE

This matter comes before the Court on: (1) the parties' responses to an order to show cause why the Court should not decline supplemental jurisdiction over Plaintiff's remaining state-law claim against Defendant Orange Cab Company; and (2) Plaintiff's motion under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss her remaining claim against Orange Cab.

Having reviewed the materials submitted by the parties and the balance of the record, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Orange Cab. Therefore, the Court DISMISSES Plaintiff's claim against Orange Cab without prejudice. Because the Court declines supplemental jurisdiction over the remaining claim, it is not necessary to reach Plaintiff's motion to voluntarily dismiss this claim.

ORDER - 1

**Background**

Plaintiff Carrie Rolf was injured on December 8, 2004, when an Orange Cab driven by Mohammed Tegene struck her after colliding with a vehicle driven by federal government employee Joseph Deaver. On June 6, 2006, Plaintiff filed a negligence complaint in this Court for damages resulting from injuries she sustained in the collision, citing the Federal Tort Claims Act as the basis for federal jurisdiction. Her complaint named the United States, Mr. Deaver, Mr. Tegene, and Orange Cab as defendants. The United States was later substituted as a defendant for Mr. Deaver. (Dkt. No. 20).

The Court previously granted a motion to dismiss Mr. Tegene from this action without prejudice for insufficient service. (Dkt. No. 31). The Court has also entered orders dismissing Plaintiff's claims against the United States and a cross-claim by the United States against Orange Cab. (Dkt. Nos. 35, 38).

On March 7, 2007, Plaintiff filed a motion under Rule 41(a)(2) to voluntarily dismiss her remaining claim against Orange Cab without prejudice and without costs. On March 19, 2007, the Court also issued an order to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Orange Cab. On March 30th, Plaintiff filed a pleading indicating that she did not oppose this Court declining supplemental jurisdiction over her remaining claim against Orange Cab. Later on March 30th, Orange Cab filed a pleading that asked the Court to retain supplemental jurisdiction and to deny Plaintiff's motion for voluntary dismissal. Orange Cab also separately filed a motion for summary judgment.

**Analysis**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. In determining whether to exercise supplemental jurisdiction, the Court considers several factors, including judicial economy, comity, convenience, and fairness. See O'Connor v. State of Nevada, 27

F.3d 357, 363 (9th Cir. 1994). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, the Court finds that the relevant factors weigh in favor of declining supplemental jurisdiction over Plaintiff's remaining state-law claim against Orange Cab. In terms of judicial economy, the Court has expended few resources on this case, aside from issuing an order dismissing Defendant Tegene for insufficient service. Because that dismissal was without prejudice, the Court's order does not preclude Plaintiff from bringing negligence claims against him in state court. Judicial economy would not be well-served if this Court were to adjudicate Plaintiff's state-law claim against Orange Cab while Mr. Tegene is potentially subject to a negligence lawsuit in state court. Comity interests would also be advanced by allowing a state court to resolve the remaining state-law disputes. Finally, the Court does not find that declining supplemental jurisdiction would be unfair or significantly inconvenient to the parties. Although Orange Cab has expended some resources in litigating this case in federal court (such as discovery expenses and the time spent drafting the summary judgment motion Orange Cab filed after the Court issued its order to show cause), there is no apparent reason why Orange Cab's work in this Court could not be reused in a state-court proceeding if Ms. Rolf chooses to file an action there.

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Orange Cab. The remaining claim in this matter will be dismissed without prejudice to Plaintiff pursuing her claim in state court. Because the Court is declining supplemental jurisdiction over Plaintiff's remaining claim, it is not necessary to reach Plaintiff's motion to voluntarily dismiss her claim against Orange Cab without prejudice and without costs under Fed. R. Civ. P. 41(a)(2).

ORDER - 3

**Conclusion**

Having considered the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Defendant Orange Cab. Plaintiff's claim against Orange Cab is DISMISSED without prejudice.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 3, 2007

                                          s/Marsha J. Pechman
                                          Marsha J. Pechman
                                          United States District Judge

ORDER - 4